## GEORGE MILLER *et al.*

### *v.*

## WILLIAM H. BRUNS *et al.*

1. ADMISSIONS — EVIDENCE. The rule among merchants, dealing with each other, seems to be, if an account rendered is not objected to in a reasonable time after it is presented, the account is regarded as allowed.

2. In a case of that character the court below refused to instruct the jury for the plaintiff, that the defendant having retained the account rendered to him by the plaintiff for a certain time without objection to the correctness thereof, amounted to an admission of its correctness, but instructed the jury that such fact was a circumstance to be taken into account, in determining whether or not the defendant had admitted the correctness of the account. This submitted the question of admission fairly to the jury.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

This was an action of assumpsit brought in the court below by William H. Bruns and Charles Wachsmuth against George Miller and Robert Stafford, to recover the price of a quantity of high wines alleged to have been purchased by the plaintiffs for the defendants. A trial resulted in a judgment for the plaintiffs, from which the defendant took this appeal.

The only question presented arises upon an instruction given by the court, which will be found in the opinion.

Mr. E. W. EVANS and Mr. M. D. BROWN, for the appellants.

Messrs. STORRS & MARSH, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit on the common counts brought in the Circuit Court of Cook county, by William H.

Bruns and others against George Miller and others, and tried by a jury on the plea of *non-assumpsit*. There was a verdict for the plaintiffs and a motion by defendants for a new trial, which was overruled and exception taken. Judgment was rendered on the verdict, to reverse which the record is brought here by appeal.

The principal question made is the instruction on behalf of the plaintiffs.

As originally asked, that instruction was as follows: " If the jury believe, from the evidence, that the plaintiff, on or about the 12th or 15th of November, 1864, sent to the defendants an account, showing the purchase of the high wines by the plaintiffs for the defendants; the amount paid for the same; the interest on the amount so paid; the credits to the defendants for the $500 paid by them; the sum for which the high wines was sold, and the interest on these amounts, showing a balance in favor of the plaintiffs of $915.14; and the defendants held said account, without making any objection to the correctness thereof, then this amounts to an admission by the defendants of the correctness of the account."

This instruction the court refused to give, but modified it, and gave it as follows:

" If the jury believe, from the evidence in the case, that the plaintiffs, on or about the 12th or 15th days of November, 1864, sent to the defendants an account, showing the purchase of the high wines by the plaintiffs for the defendants; the amount paid for the same; the interest on the amount so paid; the credits to the defendants for the $500 paid by them; the sum for which the high wines were sold, and the interest on these amounts, showing a balance in favor of the plaintiffs of $915.14; and the defendants held said account, and retained possession of the same from the date of such delivery up to the time when this suit was commenced, without making objections to the correctness of such account, this is a circumstance to be taken into account by the jury in determining whether or not the defendants have admitted the correctness of said account."

We are satisfied the instruction, thus modified by the court, fairly submitted to the jury the question whether the defendants had admitted the correctness of the account, and we see no reason for disturbing the verdict.

The rule among merchants is, as we understand it, if an account rendered is not objected to in a reasonable time after it is presented, the account is regarded as allowed. 1 Greenl. Ev. 197. Here the parties were merchants, mutually dealing with each other.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*